UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| DELTA PEGASUS MANAGEMENT, LLC, and MICHAEL L. LABERTEW, attorney in fact for, and on behalf of, P.B., as Co-Trustee of the B. 1988 TRUST, and as Co-Trustee of the P.B. REVOCABLE LIVING TRUST, | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFFS' MOTION TO AMEND (DOC. NO. 30)** |
| Plaintiffs, | Case No. 2:21-cv-00393 |
| v. | Chief Judge Robert J. Shelby |
| NETJETS SALES, INC.; NETJETS SERVICES, INC.; and NETJETS AVIATION, INC, | Magistrate Judge Daphne A. Oberg |
| Defendants. | |

Before the court is a motion to amend, (Doc. No. 30), filed by Plaintiffs Delta Pegasus Management, LLC ("Delta Pegasus") and Michael L. Labertew, as attorney in fact for, and on behalf of, P.B., as co-trustee of the B. 1988 Trust and the P.B. Revocable Living Trust.  Plaintiffs seek to amend their complaint to add a claim for exploitation of a vulnerable adult under Utah Code section 62A-3-314, and to remove claims for breach of contract, breach of the duty of good faith and fair dealing, breach of fiduciary duty, and rescission.  (*See generally* Proposed Am. Compl., Doc. No. 30-1; Compl., Doc. No. 2.)  Defendants NetJets Sales, Inc., NetJets Services, Inc., and NetJets Aviation, Inc. (the "NetJets Defendants") oppose the motion to amend, arguing the proposed amended complaint is futile and the court should first rule on the pending motion to

1

transfer venue.  (Opp'n, Doc. No. 31.)  Having reviewed the parties' written briefs,[1] and for the reasons set forth below, the court GRANTS Plaintiffs' motion.

BACKGROUND

Plaintiffs brought this action against the NetJets Defendants on June 24, 2021.  (Compl., Doc. No. 2.)  According to the complaint, P.B. is a 69-year-old woman with advanced dementia. (*Id.* ¶ 11.)  Plaintiffs allege the NetJets Defendants entered into contracts with Delta Pegasus for the lease of a jet aircraft in 2011.  (*Id.* ¶¶ 16–18.)  Where the NetJets Defendants dealt with Ms. B. on behalf of Delta Pegasus since 2011, Plaintiffs allege they should have been aware Ms. B. "was unable to make sound financial decisions and that she suffered from poor memory, lack of problem-solving skills, and poor functioning abilities" since at least July 2016.  (*Id.* ¶¶ 13–14.) According to the complaint, most of the payments under the contracts were made from the B. 1988 Trust and the P.B. Revocable Living Trust, and the NetJets Defendants were aware of this fact.  (*Id.* ¶¶ 29–30.)  Plaintiffs allege Ms. B. and Delta Pegasus have paid more than $988,000 to the NetJets Defendants based on "undue persuasion," despite not using the jet aircraft since January 2018.  (*Id.* ¶ 31.)  Based on these allegations, Plaintiffs asserted claims for breach of contract, breach of the duty of good faith and fair dealing, breach of fiduciary duty, unjust enrichment, and rescission.  (*Id.* ¶¶ 36–65.)

The NetJets Defendants moved to transfer venue to the Southern District of Ohio based on the forum selection clause in one of the contracts at issue.  (NetJets Defs.' Mot. to Transfer Venue 1, Doc. No. 16.)  They also moved to dismiss the complaint for failure to state a claim

---

[1] Pursuant to Local Rule DUCivR 7-1(f), the court finds oral argument unnecessary and decides the motion based on the parties' written memoranda.

under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (NetJets Defs.' Mot. to Dismiss, Doc. No. 17.)  After these motions were fully briefed, Plaintiffs filed the motion to amend now before the court "[i]n order to remedy the[] objections" in the NetJets Defendants' motions. (Mot. to Amend 2, Doc. No. 30.)

LEGAL STANDARDS

Rule 15 of the Federal Rules of Civil Procedure provides that unless an amendment is allowed as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  "[T]he grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court."  *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (internal quotation marks omitted).  Rule 15 instructs courts to "freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "The purpose of the Rule is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties."  *Minter*, 451 F.3d at 1204 (internal quotation marks omitted).  "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, [the plaintiff] ought to be afforded an opportunity to test [the] claim on the merits."  *Id.* (internal quotation marks omitted).  "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."  *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (internal quotation marks omitted).  Prejudice to the opposing party is the "most important" factor in deciding whether to allow leave to amend.  *Minter*, 451 F.3d at 1207.

<u>DISCUSSION</u>

Plaintiffs seek to amend their complaint to add a claim for exploitation of a vulnerable adult under Utah Code section 62A-3-314, and to remove claims for breach of contract, breach of the duty of good faith and fair dealing, breach of fiduciary duty, and rescission. (*See generally* Proposed Am. Compl., Doc. No. 30-1; Compl., Doc. No. 2.) Accordingly, Plaintiffs' proposed amended complaint asserts claims for exploitation of a vulnerable adult and unjust enrichment, and it does not assert any contract claims. (*See* Proposed Am. Compl. ¶¶ 49–62, Doc. No. 30-1.)

In their opposition, the NetJets Defendants argue the motion to amend does not moot the motion to transfer venue because the proposed amended claims still relate to the subject matter of the contract containing the forum selection clause. (Opp'n 2–3, Doc. No. 31.) Because of this, they assert the court should first grant the motion to transfer venue, and any motion to amend should be addressed by the transferee court. (*Id.* at 2–6.) In the alternative, they argue the motion to amend should be denied for two reasons: (1) the proposed amendment contains allegations and legal theories which are contrary to those in the original complaint, (*id.* at 1–2), and (2) the proposed amendment is futile because it fails to plead viable claims, (*id.* at 6–10).

In reply, Plaintiffs argue the forum selection clause does not apply to their proposed amended claims, and they assert the proposed amendment states claims upon which relief can be granted. (Reply 2–9, Doc. No. 32.)

As an initial matter, whether the motion to amend moots the motion to transfer venue is not properly before the court. Only the motion to amend has been referred to the undersigned magistrate judge. To resolve this motion, the court need only determine whether leave to amend

should be granted under Rule 15(a)(2), based on the applicable factors set forth in Tenth Circuit case law.  *See Bylin*, 568 F.3d at 1229.  Any effect of the motion to amend on the motion to transfer venue will be addressed by the district judge before whom the motion to transfer is pending.

Likewise, the court need not determine whether the forum selection clause applies to the proposed amended claims before granting leave to amend.[2]  Where the parties dispute whether the proposed amended complaint would be subject to the forum selection clause, this issue is more appropriately addressed after leave to amend has been granted and the operative pleading is in place.  Thus, the court turns to the factors set forth in Tenth Circuit case law governing motions to amend pleadings.

The only applicable factor explicitly addressed in the NetJets Defendants' opposition is futility.  (As discussed below, the NetJets Defendants also argued prejudice, implicitly, but failed to establish it.)  And although futility alone is a sufficient basis to deny leave to amend, *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007), it is within the court's discretion to decline to engage in a futility analysis in the context of a motion to amend if the court determines the futility arguments would be more properly addressed in dispositive motions.  *See Lambe v. Sundance Mt. Resort*, No. 2:17-cv-00011, 2018 U.S. Dist. LEXIS 162268, at *7–8 (D. Utah Sept.

---

[2] The NetJets Defendants have not cited any binding authority to the contrary.  The Tenth Circuit case cited in the opposition did not involve a motion to amend.  *See Kelvion, Inc. v. Petrochina Can. Ltd.*, 918 F.3d 1088 (10th Cir. 2019).  And in the unpublished district court case cited, the court granted a motion to transfer venue after the plaintiff amended her complaint as matter of right.  *Flanagan v. Access Midstream Partners, L.P.*, No. 17-cv-315, 2017 U.S. Dist. LEXIS 162061, at *3, 6–8 (N.D. Okla. Sept. 28, 2017) (unpublished).  Thus, neither case mandates that courts address motions to transfer venue before motions to amend.

21, 2018) (unpublished) (declining to engage in a futility analysis where "the viability of [the new] claim is more appropriately addressed in the context of a dispositive motion as opposed to a motion for amendment"); *Stender v. Cardwell*, No. 07-cv-02503, 2011 U.S. Dist. LEXIS 38502, at *10–11 (D. Colo. Apr. 1, 2011) (unpublished) (declining to consider futility argument based on failure to state a claim, where the opposing party failed to assert undue prejudice and could raise the same arguments in the context of a  motion to dismiss).  Particularly where futility arguments are duplicative of arguments which could be raised in a motion to dismiss, courts have found that addressing those arguments in the context of a motion to amend "place[s] the cart before the horse," and "[r]ather than force a Rule 12(b)(6) motion into a Rule 15(a) opposition brief, the defendants may be better served by waiting to assert Rule 12 motions until the operative complaint is in place."  *Obeslo v. Great-West Capital Mgmt.*, Nos. 16-cv-00230 & 16-cv-01215, 2017 U.S. Dist. LEXIS 223891, at *10 (D. Colo. Feb. 21, 2017) (unpublished), *R&R adopted*, 2017 U.S. Dist. LEXIS 223892 (D. Colo. Mar. 14, 2017).

In this case, the futility arguments would be more appropriately addressed in dispositive motions.  The NetJets Defendants' argument that the proposed amendment fails to state viable claims is better suited to a motion to dismiss under Rule 12 of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 12(b)(6) (permitting dismissal for failure to state a claim upon which relief can be granted).  Rather than forcing a Rule 12(b) motion into a Rule 15(a) opposition brief, these arguments would be more properly addressed in the context of a motion to dismiss.  This is particularly true where the NetJets Defendants do not allege any undue delay, bad faith, or dilatory motive by Plaintiffs, nor do they establish they would suffer undue

prejudice if the amendment were allowed.  For these reasons, the court declines to engage in a futility analysis.

The NetJets Defendants' only other argument is that the proposed amendment contradicts the original complaint.  But they do not adequately explain how they would be unduly prejudiced by Plaintiffs' assertion of new legal theories at this early stage of the case.  The NetJets Defendants argue the inconsistency is "not harmless" because "Defendants will be required to answer and take discovery and sort out which of these multiple contradictory positions it is fighting."  (Opp'n 3, Doc. No. 31.)  However, no disclosures have been made and the parties have not yet undertaken any discovery related to the original complaint.  (*See* Mot. to Amend 2, Doc. No. 30.)  And any future discovery will be limited to the claims and defenses asserted in the operative pleadings once they are in place.  *See* Fed. R. Civ. P. 26(b)(1) (limiting the scope discovery to nonprivileged matters "relevant to any party's claim or defense and proportional to the needs of the case").  The NetJets Defendants have failed to show they will be unduly prejudiced by permitting Plaintiffs to amend their complaint at this early stage.

None of the other factors justifying denial of leave to amend are present here.  Plaintiffs did not unduly delay in moving to amend their complaint.  Plaintiffs filed their motion on October 1, 2021—eight weeks after the motion to dismiss was filed on August 6, 2021, (*see* Mot. to Dismiss, Doc. No. 17), and only five days after the motion to amend was fully briefed, (*see* NetJets Defs.' Reply in Support of Mot. to Dismiss, Doc. No. 29).  As noted above, the case is still in its early stages; no answer has been filed and no discovery has taken place.  Further, there is no basis in the record to find Plaintiffs have acted in bad faith or with a dilatory motive.

For these reasons, leave to amend should be granted under Rule 15(a)(2).

<u>CONCLUSION</u>

Because the NetJets Defendants' futility argument is more appropriately addressed in a

dispositive motion, and no other factors justifying denial of leave to amend are present, the court

GRANTS Plaintiffs' motion to amend, (Doc. No. 30).  Plaintiffs shall file the amended

complaint in the form found at Doc. No. 30-1 within fourteen (14) days of the date of this order.

Once filed on the docket, the amended complaint will be the operative complaint in this case.

DATED this 23rd day of December, 2021.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge